UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

MICHAEL SCHRADER,

    Plaintiff,

v.                                                              4:04-cv-103

COFFEE COUNTY MEDICAL STAFF, et al.,

    Defendants.

## MEMORANDUM AND ORDER

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $150.00 filing fee.[1] Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. For the following reasons, the complaint is **DISMISSED WITHOUT PREJUDICE**.

---

[1] Plaintiff submitted his complaint before the filing fee was increased from $150.00 to $250.00.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Porter v. Nussle*, 122 S. Ct. 983 (2002). *See also Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001) ("We note, however, that, while it is true we have concluded § 1997e does not impose a jurisdictional bar to federal jurisdiction, we have also concluded that the obligation to exhaust administrative remedies before resort to federal court is a mandatory one.") (citations omitted).

In order to demonstrate that he has exhausted his administrative remedies, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). A prisoner cannot simply state in his complaint that his claims have been exhausted. *Id*. "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id*.

Plaintiff is in the custody of the Tennessee Department of Correction. His complaint concerns an alleged denial of medical treatment during his confinement in the Coffee County Jail. Plaintiff does not state that he filed a grievance concerning the allegations of his complaint, nor does the record reflect that plaintiff pursued any administrative procedures. Thus, plaintiff has not shown that he has exhausted all available remedies. Accordingly, the

complaint shall be **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

Because plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $150.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, P.O. Box 459, Winchester, Tennessee 37398, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of one hundred fifty dollars ($150.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the West Tennessee State Penitentiary, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison

Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R:**

            s/ James H. Jarvis
            United States District Judge